UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TRACI L. LEMMERMANN,

    Plaintiff,
v.                  Case No. 08-CV-779

BLUE CROSS BLUE SHIELD OF WISCONSIN,

    Involuntary Plaintiff,
v.

WAL-MART STORES, INC.,
ARCH CHEMICALS, INC.*,*
ABC INSURANCE COMPANY and
DEF INSURANCE COMPANY

    Defendants.
_____

# ORDER

On November 7, 2008, the parties filed a proposed protective order along with their joint report, and proposed scheduling order made pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The proposed protective order seeks to keep certain information produced in the course of discovery confidential, but does not indicate with specificity what materials would be designated by the parties as confidential. In the absence of specificity as to what material would be sealed and justification for such protection, the court concludes that it would be inappropriate to endorse the parties' proposed protective order.

In general, pretrial discovery must occur in the public eye unless compelling reasons exist for limiting the public's access. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First*

*Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999) (noting presumption of public access to discovery materials). In *Hicklin Eng'r, L.C. v. Bartell*, the Seventh Circuit articulated the rationale for maintaining a court record that is open to the public:

> Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

439 F.3d 346, 348 (7th Cir. 2006). The *Hicklin* court also reiterated "that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Id.* (citations omitted).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to enter a protective order for good cause shown. A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946. Here, the parties' proposed protective order states the following:

> Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Civil L.R. 26.4 and the Stipulation and Agreement of the Parties, and for good cause shown, it is hereby ORDERED: The terms of this Protective Order shall control the use, dissemination and disposition of all testimony, documents provided, answers to interrogatories, and other discovery responses, or other information which is produced or disclosed and designated as confidential by a party during the discovery and/or/trial of this matter (hereinafter referred to as "protected information"). . . . All protected information disclosed . . . shall be treated as protected and shall be kept confidential. All documents containing protected information . . . shall be appropriately marked CONFIDENTIAL . . . .

(Proposed Protective Order, Docket # 9). Thus, according to the proposed order, the parties would be free to designate any discovery materials as confidential seemingly without justification simply by marking them as "CONFIDENTIAL." If the court were to approve this proposed protective order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944. Moreover, the scope of the parties' proposed order is not limited to pretrial discovery, and seeks to keep all materials designated as confidential sealed throughout any future proceedings. (Proposed Protective Order ¶ 8, Docket #9). The Seventh Circuit has repeatedly invalidated such overly broad protective orders. *See, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945 (citations omitted); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that even if the parties agree on the terms of a protective order, they still must show good cause exists for the court to issue the order). Without reviewing any of the documents that would be designated as confidential under the stipulation, the court cannot determine whether good cause exists for such protection.

In *Citizens First Nat'l Bank of Princeton*, the Seventh Circuit provided a framework for protective orders addressing the confidentiality of discovery materials:

> There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

178 F.3d at 946. Here, the parties' proposed order contains no language defining or limiting the categories of information the parties may designate as confidential, and provides no mechanism for the parties, or an interested member of the public, to challenge a confidential designation of a document.

Pursuant to prevailing circuit law and Rule 26(c), the court will not issue protective orders when the parties do not show cause. After reviewing the parties' proposed order, the court concludes that it is unable to act upon it without specificity as to what documents may be designated confidential, and without language that permits either party or an interested member of the public to challenge the confidential designation of a document. The parties may submit a revised discovery confidentiality stipulation and proposed order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

Accordingly,

**IT IS ORDERED** that the approval of the proposed protective order governing the exchange of confidential information (Docket #9) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge